UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


BILLY RAY EASON                           CIVIL ACTION NO. 08-cv-0440

VERSUS                                    REFERRED TO:

U.S. COMMISSIONER SOCIAL                  MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION


**MEMORANDUM RULING**

Billy Ray Eason ("Plaintiff") has a high school education and past work experience as a construction laborer, poultry plant laborer, and sandblaster. He filed for disability benefits based on the assertion that, at the age of 50, he could no longer work because of a seizure disorder and other health problems.

ALJ W. Thomas Bundy conducted a hearing and issued a written decision in which he analyzed the claim under the five-step sequential analysis required by the regulations. The ALJ had serious concerns about the credibility of Plaintiff and (especially) his wife, but he did find that Plaintiff had some limitations. At step two, he found that Plaintiff's seizure disorder was a severe impairment within the meaning of the regulations and "causes significant limitation in the claimant's ability to perform basic work activities." After a detailed review of the medical evidence and testimony, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels

but with the following non-exertional limitations: inability to drive, climb, work at unprotected heights, or around dangerous moving machinery.

The ALJ found at step four that Plaintiff's limitations did not allow him to return to his past relevant work because those jobs required work around dangerous moving machinery. At step five, which asks whether there are jobs that exist in significant numbers that the claimant can perform, the ALJ did not solicit the testimony of a vocational expert. Rather, he looked to the Medical-Vocational Guidelines as a framework for his decision and determined that Plaintiff was not disabled.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment.

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there

are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

Plaintiff's sole issue on appeal is an argument that the Commissioner's decision is not supported by substantial evidence because there was no vocational expert ("VE") testimony or similar evidence to support the finding that there are other jobs available that Plaintiff could perform. Plaintiff does not directly challenge any aspect of the RFC found by the ALJ.

At the fifth step, determining whether Plaintiff is able to perform work that is available in the national economy, the Commissioner may meet his burden of proof by looking to the Medical Vocational Guidelines found at 20 C.F.R. § 404, Sub-part P, Appendix 2. The Commissioner may rely exclusively on the Guidelines if (1) the claimant suffers only from exertional impairments or (2) the claimant's nonexertional impairments do not significantly affect his RFC. Id. § 404.1569; Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987). If nonexertional impairments do significantly affect the plaintiff's RFC, the Commissioner may look to the Guidelines for guidance but (ordinarily) must also look to expert vocational testimony or other similar evidence to meet his burden of proving that such jobs exist. Fraga, supra.

This case is a bit unusual in that the ALJ found no exertional limitations but some non-exertional limitations caused by the seizure disorder. And the ALJ found that the impairment does cause a significant limitation in Plaintiff's ability to perform work activities.

The ALJ did not look to the Guidelines to direct a conclusion. Rather, he looked to them as a framework for decision making.[1]

He began with a discussion of Rule 204.00, which contains an administrative finding that persons who can perform heavy or very heavy work are capable of performing the functional capability for work at exertional levels as well, and represents substantial work capability for jobs in the national economy at all skill and physical demand levels. The Rule adds that environmental restrictions "ordinarily would not significantly affect the range of work existing in the national economy for individuals with the physical capability for heavy work (or very heavy work)." That statement is further addressed in Social Security Ruling 85-15, which states that a person "with a seizure disorder who is restricted only from being on unprotected elevations and near dangerous moving machinery is an example of someone whose environmental restriction does not have a significant effect on work that exists at all exertional levels."

The ALJ found that Plaintiff was restricted from driving due to his seizure disorder. Tr. 31. He explained, however, that difficulty with transportation is not relevant to the ultimate determination of whether the person is capable of performing work-related functions. There are other ways to get to and from work, including reliance on public

---

[1] More information on the "framework" procedure can be found in Social Security Rulings 83-14 and 85-15. It sometimes invites criticism. See Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000); Thompson v. Commissioner, 2002 WL 31098511, *5 (E.D. Tex. 2002).

transportation, friends, or family. Tr. 31. Obviously, some jobs such as truck driver would be eliminated by the inability to drive on the job, but most jobs do not require driving. Ruling 85-15 also addresses limitations in climbing and balancing. It states that where a person "has some limitation in climbing and balancing and it is the only limitation, it would not ordinarily have a significant impact on the broad world of work." Some jobs, such as a painter (who must climb ladders and scaffolding) or firefighter (who must climb poles and ropes) would be eliminated, but many jobs would remain.

The Ruling acknowledges that the services of a VE may be necessary where the effect of a person's limitations on the availability of jobs is difficult to determine. Most cases that have come before the court in which the framework evaluation was employed began with an RFC for merely light or sedentary work, which already eliminates many jobs. The addition of the non-exertional impairment has sometimes caused the court to reverse and remand when there was no VE testimony and the non-exertional impairment gave rise to a reasonable question as to what jobs might remain available. In this case, however, the court does not have any significant doubt that there would be many jobs remaining available even after those jobs were eliminated that Plaintiff could not perform because of his non-exertional limitations.

The Ruling recognizes that climbing and the other environmental restrictions are not, ordinarily, enough to have a significant effect on available work at all exertional levels. Inability to drive would obviously eliminate some jobs, but almost every job a VE has

identified in the many cases presented to this court has not required the ability to drive at work.  Several of those jobs, such as light cashier, various clerk positions, gate guard, dispatcher, and surveillance system monitor, would not appear to be eliminated by the combination of limitations that were found.  Courts routinely affirm the denial of benefits to Louisiana citizens who are deemed capable of performing only one or two of those jobs. The reported decisions include many references to VE testimony that a significant number of such jobs exist in the relevant economy. It would have been preferable if the ALJ, once he elected not to ask for VE testimony, had identified some specific jobs listed in the Dictionary of Occupational Titles that were not precluded by the limitations at issue, but the absence of such specification does not present reversible error in this case. The court is persuaded that the Commissioner's decision is supported by substantial evidence, and a judgment affirming that decision will be entered.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of February, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE